# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 1 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **CARL JACKSON**<br>112 West Stanley Street<br>Tampa, Florida 33604<br>813-380-8757<br><br>Plaintiff,<br><br>V.<br><br>**GEORGE W. BUSH,**<br>President United States of America<br>1600 Pennsylvania, Avenue<br>Washington D.C. 20530<br><br>**JOHN ASHCROFT**, Former<br>United States Attorney General<br>and his current successor<br>950 Pennsylvania, Ave. N.W.<br>Washington D.C. 20530<br><br>**KARL ROVE,**<br>1600 Pennsylvania Avenue<br>Washington, D.C. 20530<br><br>**JOHN DOE**<br><br>**JANE DOE**<br><br>Defendants, | **TRIAL BY JURY REQUESTED**<br><br>**CIVIL ACTION NO.**<br><br>CASE NUMBER 1:05CV01856<br><br>JUDGE: Richard J. Leon<br><br>DECK TYPE: Civil Rights (non-employment)<br>DATE STAMP: 09/19/2005 |

**COMES NOW,** the Plaintiff in the above entitled action **Carl Jackson** and for his cause of action states the following :

### I

### *PRELIMINARY STAMENT OF THE FACTS*

1. The founding fathers in drafting the United States Constitution had several goals, foremost among those goals was to avoid the rise of tyranny and the prevention of the abuse of power this was accomplished by creating a Separation of Power between the three branches of government by creation of a series of checks and balances . The Due Process Clause of the Fourth, and Fourteenth Amendment has three components:

it guarantee's fair procedures ( " process") when government deprives an individual of life , liberty, or property,

it is the vehicle for incorporating various provisions of the Bill of Rights against state and local government; and,

it affords substantial protection against " certain arbitrary and wrongful government actions" regardless of the fairness of the procedures used,

### II
### JURISDICTION AND VENUE

2. This action arises under the First, Fourth, and Fourteenth Amendment to the United States Constitution and 42 U.S.C. sections 1983 and 1988

( 2.)

and **1332** the pendent jurisdiction of this court is invoked as to the claims set forth below and the Federal claims are substantial and the facts and transactions underlying the Federal and state claims are identical and plaintiffs claim for monetary relief exceeds this courts jurisdictional minimum of **$75,000.00** exclusive of interest and cost and Plaintiff request trial by jury of all triable issues. The Federal claims set forth below arise under Federal Law are substantial and in violation of the underlying Federal claim which have occurred within the District.

## PARTIES
## PLAINTIFF

3. **Plaintiff,** in the above entitled cause, **Carl Jackson**, at all times material to the allegations of complaint was a citizen of Hillsborough County, FL.

## DEFENDANT'S

4. **Defendant, George W. Bush,** at all times material to allegations of the complaint acting within the scope of his lawful authority as President of the United States of America, and he is sued both individually and in his official capacity.

5. **Defendant, John Ashcroft,** at all times material to the allegations of the complaint was acting within the scope of his lawful authority as Attorney

(3.)

General of the United States of America and he and his successors are sued in both their individual and official capacities.

**6. Defendant , <u>Karl Rove</u> ,** at all times material to the allegations of the complaint was acting within the scope of his employment as deputy Chief of Staff advisor to the defendant George W. Bush , President of the United States of America and he is sued in his individual capacity.

**7.** Plaintiff states that with the only possible exception being the Watergate era cases of the early 1970's that the instant case is one of a first impression in this district as well as other districts within the republic.

### PLAINTIFF'S FIRST CAUSE OF ACTION (DAMAGES )

**(As To Defendant's John Ashcroft , Karl Rove, and Department of Justice (DOJ ) John and Jane Doe Defendant's)**

**8.** Plaintiff states that on or about April 1996 and continuing to on or about March 1997 that plaintiff was employed as a loan officer with Mandarin Mortgage of Tampa, Florida.

**9.** Plaintiff alleges that at the time unbeknown to plaintiff a co-worker employed in the same office and known to the plaintiff at that time only

(4.)

as Jan was also the wife of Tampa doctor Daniel Heinig the wife of the primary physician of plaintiffs loved one Eleanor Roe Munzer .

*See attachment marked "A".*

**10.** Plaintiff further states that at some point during the beginning of his employment with Mandarin Mortgage as part of regular routine a phone call came into the office from a caller requesting to speak with loan officer Jan Heinig to inquire about the status of a pending loan application being worked on by Jan Heinig somehow that call was wrongly rerouted by the office staff to another loan officer and that loan officer informed Jan Heinig's client that Jan Heinig was on away vacation and suggested that the borrower call back later to verify when Jan was expected to returned from her vacation.

**11.** Plaintiff would further state that it became of knowledge to the loan staff of Mandarin mortgage that the prospective borrower and client of Jan Heinig became so incensed and upset upon learning of the unavailability of Jan Heinig to answer his questions about his pending loan that he withdrew his loan application and took his loan request elsewhere resulting in loss of real estate commission income to Jan Heinig.

( 5. )

Plaintiff alleges that the loss of real estate commission by Jan Heinig also had a impact of the medical treatment of her relative Robert Perieira (now deceased) . *See attachment marked "B".*

12. Plaintiff alleges that the deceased relative of Jan Heinig Robert Pereira at one time maintained a property owner / tenant relationship in Pasco County , Florida with Natalie Cooper k/n/a **Natalie Pearson.** See attachment " C " .

13. Plaintiff alleges that the loss of income by Jan Heinig and its impact upon her relative Robert Pereira medical treatment to be the proximate cause of a the fostering of a vigilante style mob mentality against plaintiff to instill their own brand of justice and be final judge jury and executioner.

14. Plaintiff would allege that the March 12, 2003 and continuing thereafter that (DOJ ) John and Jane Doe defendants , with defendants John Ashcroft , Karl Rove did by combination in whole and in part enter into agreement of mind to enter into a conspiracy under color of law to aid and abet civilian vigilante citizens in making a retaliatory strike against plaintiff based upon bad motive and bias towards plaintiff.

15. Plaintiff alleges that on or about June 12, 2003 in Tampa, Florida

( 6.)

plaintiff's automobile was without just provocation willfully, wantonly and intentionally crashed into by a civilian vigilante resulting in Eleanor Roe Munzer sustaining substantial bodily injuries that are alleged to have contributor cause of her death twenty-six day after on **July 8,2003.**

16. Plaintiff alleges federal John Doe defendant actors employed in the Tampa Department of Justice Tampa office under color of law made out of revenge civilian vigilante defendants turning of a blind eye to the vigilante acts by removing the fear that they would face prosecution for their criminal conduct directed against plaintiff's plaintiffs loved one and the plaintiff's out of revenge.

17. Plaintiff would allege that the cause of plaintiff loved-one death physian Doctor Daniel Heinig deliberately covered up the primary cause of cause of plaintiff's love one death.

18. Plaintiff alleges that Doctor Heinig is possesses a personal animus towards plaintiff and that plaintiff is somehow plaintiff wildly to be responsible for the 1996 work incident causing his wife to suffer a substantial loss Real estate commission and for the effect that loss of income effect on the availability of medical treatment available to wife's Janet Heinig deceased relative Robert Pereira .

( 7. )

19. Plaintiff alleges that defendant Karl Rove was born in the Denver Colorado area and that defendant Rove at bare minimum holds a symbolic relationship to Colorado relatives of Tampa doctor Daniel Heinig. *See attachment marked " D ". See also Footnote 1. below.*

20. That defendant Karl Rove is alleged to have been raised in the county of Salt Lake City and attended Olympus High School plaintiff would state that at bare minimum defendant Rove has held a symbolic relationship to doctor Donald W. Heinig of Alta, Utah. *See attachment " E thru E- 1".* Plaintiff alleges that the earlier Colorado and Salt Lake City childhood associations between defendant Rove and various Colorado and Salt Lake City family members of Tampa doctor Daniel Heinig *see footnote 1. below* led to a magnification between defendant Rove, Ashcroft, to - by formulation of agreement enter into joint conspiracy in whole and part-

*Footnote 1.* **Doctor Heinig is not a named defendant in this instant case since his vigilante conduct is more appropriately placed within related litigation re: Jackson v. Knight pending U.S. District Court Middle District of Florid Tampa Division Case No. 8: 04-cv-1648 -T- 27 MSS where in contrast the conspiratorial acts of named defendants of this instant case are alleged to have occurred within the District of Columbia.**

in whole and in part by formulation of by defendants Karl Rove John Ashcroft John and Jane Doe (DOJ) defendants under color of law in abuse of the public trust of their respective positions office to inflict in on behalf of doctor Heinig revenge against the plaintiff and his loved-one for a perceived wrong were they believed plaintiff to somehow be responsible for namely for the 1996 loss of income and medical access to a Robert Pereira a relative of Tampa doctor Heinigs wife Janet f/k/a **Janet Pereira.**

**21.** Plaintiff alleges said conduct by defendants is based upon defendant's bad motive and bias towards the plaintiff to inflict intentional infliction upon the plaintiff and serves no legitimate government interest and is in depravation of plaintiffs Fourth and Fourteenth Amendment right to Due Process of Law and that defendant's unlawful conduct shocks the conscious.

### SECOND CAUSE OF ACTION
### UNCONSTITUTIONAL PRESIDENTIAL ACT IN VIOLATION OF SEPERATION OF POWER CLAUSE IN DIMINUTION OF PLAINTIFF'S RIGHT TO DUE PROCESS OF LAW

**22.** Plaintiff re- alleges all allegations in paragraphs **1 through 21** of Plaintiffs First Cause of Action and plaintiff herby re-incorporates said allegations into plaintiff Second Cause of Action and alleges the following :

Plaintiff alleges that Utah doctor Kevin J. Whitehead has a close nexus relationship doctor Charles E Whitehead who has a close nexus relationship to Dorothy Heinig . *See attachment marked " F ".*

Plaintiff alleges that Utah doctor Kevin J. Whitehead holds a close nexus relationship to Tampa doctor Daniel Heinig and that defendant Rove at one time briefly was a member of the University of Utah student body and at a bare minimum plaintiff would allege that that presence on the same campus cause there to there exist a symbolic relationship between defendant Rove and Doctor Kevin J Whitehead a distant relative to doctor Daniel Heinig of Tampa , FL . *See Attachment marked " G ".*

**23.** Plaintiff would allege that defendant Ashcroft at one time employed defendant Rove and that there exist a close nexus working relationship and familiarity between defendant Ashcroft and defendant Rove.

**24.** Plaintiff would further state that defendant's Ashcroft in his official capacity as Attorney General United States of America had a close supervisory nexus relationship with John and Jane Doe ( DOJ) defendants

**25.** Plaintiff alleges that on or about that defendants on or about March 12, 2003 defendants Karl Rove , John Ashcroft , DOJ John and Jane Doe defendants and defendant President defendant George W. Bush

( 10. )

by combination in whole and in part did by formulation of a meeting of their minds enter into conspiracy to misuse the public trust of their respective offices to act out in revenge against plaintiff on behalf of Tampa doctor Daniel Heinig for a wrongly held perception that plaintiff was somehow be considered to be involved in a 1996 Mandarin Mortgage workplace incident involving a telephone call mix-up that contributed to a loss of a real estate commission income as well and impacted the medical treatment of a relative of doctor Heinig's wife Janet Heing f/k/a Janet Pereira.

26. Plaintiff would allege that on January 21, 2004 in a egregious President act defendant George W. Bush signified his Presidential approval to those engaged in vigilante conduct against the plaintiff said approval is evidenced in seventy -six deliberately misleading words spoken by President George W. Bush of approval directed towards John and Jane Doe defendants defendants employed in the DOJ office building located on Ashley street in downtown Tampa under the created illusion masquerade of being a Presidential response to a purported letter from a ten year old girl from Lincoln Rhode Island. *See attachment " H " see also attachment " H- 1).*

27. Plaintiff would further state that the mother of the 10-year old Lincoln Rhode Island girl Natalie Pearson f/k/a Natalie Cooper has a close nexus

( 11. )

relationship to Robert Pereira deceased relative to Janet Heinig wife of Tampa doctor Daniel Heinig and that by Presidential reference to the 10-year old daughter of Natalie Pearson f/n/a Natalie Cooper defendant George W. Bush has established by his own words a verifiable connection to a party with ties vigilante Tampa doctor Daniel Heinig and his wife Janet of Tampa who as stated above posses a personal animus against plaintiff for the death of Robert Pereira .

**WHEREFORE,** all the above stated reasons Plaintiff request trial by jury on all triable issues and judgment ;

**1.** Against all defendants, and each of them jointly and separately for $ 240, 000.00

**2.** In the amount of the sums expended by the plaintiff since June 12, 2003 in seeking redress from the wrongful acts and conduct of the defendants plus cost.

**3.** For punitive damages in the amount of $ 720,000.00 and,

**4.** For such other relief that this honorable court may deem just and proper under the circumstances.

( 12. )

Respectfully submitted

this 15 day of September 2005

By: _____

**CARL JACKSON**
112 West Stanley Street
Tampa, FL 33604
813-380-8757