UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL JACKSON, )<br>                )<br>      Pro Se Plaintiff,  )<br>                )<br>  v.               )<br>                )<br>GEORGE W. BUSH, )<br>      President, )<br>      United States of America, et al., )<br>                )<br>      Defendants. )<br>_____) | No. 05-1856 (RJL) |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(5), defendants George Bush and Alberto Gonzales, in their official capacities as President of the United States of Attorney General of the United States respectively, respectfully move to dismiss plaintiff's complaint.[1]  In support of this motion, defendants respectfully refer the Court to the attached memorandum in support of defendants' motion to dismiss.  A proposed order is also attached.

---

[1] This motion is filed on behalf of the afore-mentioned defendant's in their official capacities only.  As neither of these defendants have been personally served with the complaint and summons, defendants hereby preserve all available defenses to any allegations against them in their individual capacities.  Nor is this motion to be construed as a waiver of any available defenses to defendants John Ashcroft, Karl Rove and I. Lewis Libby, all of whom are named in their individual capacity, but none of whom have been personally served with the complaint.

December 19, 2005                    Respectfully submitted,

       /s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

       /s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

       /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARL JACKSON, )<br>)<br>    Pro Se Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>    President, )<br>    United States of America, et al., )<br>)<br>    Defendants. )<br>_____) | No. 05-1856 (RJL) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The only thing clear about plaintiff's two-count amended complaint is that it is both legally and factually defective and, therefore, should be dismissed for lack of jurisdiction, for failure to state a claim and for lack of service of process. Specifically, because plaintiff attempts to allege a violation of his Constitutional rights by federal officials acting in their official capacities, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear those claims. Moreover, to the extent that plaintiff attempts to allege a Bivens claim against the President and Attorney General of the United States, plaintiff fails to state a claim and, even if he did state a claim, neither have been served in their individual capacity and both would be protected from suit by immunity.[1]

---

[1] In fact, the record is devoid of evidence that any of the defendants named in their individual capacities have been served in that capacity.

## FACTS

In count I, plaintiff alleges that Alberto Gonzales, in his official capacity as Attorney General of the United States, and as the successor to former Attorney General John Ashcroft, conspired to "aid and abet vigilante groups to act in retaliation against plaintiff by removal of said vigilante fears of prosecution for their unlawful acts based on bad motive and bias towards plaintiff." Am. Compl. ¶ 8. Plaintiff alleges that this "bad motive and personal animus towards plaintiff" was a "culminating factor" in a car accident in Tampa, Florida, and an abuse of position, which contributed to the death of plaintiff's "loved one Eleanor Roe Munzer." Id. ¶ 9. Notably, count I does not allege any personal involvement in the alleged conspiracy by Attorney General Gonzales. Rather, the complaint alleges a claim against former Attorney General Ashcroft in his official capacity. Attorney General Gonzales, therefore, is automatically substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

In count II, plaintiff purports to allege some sort of conspiracy claim against President Bush in his official and individual capacity. The gravamen of this count is that President Bush allegedly signaled his approval of some "vigilante" conspiracy against plaintiff when, in the State of the Union Address on January 21, 2004, the President read a letter written by a ten year-old girl from Rhode Island. Plaintiff also alleges that the mother of this ten year-old girl has a "close nexus family relationship to relative [sic] of Florida vigilantes with ties within the Florida law enforcement community." Am. Compl. ¶ 13. Thus, plaintiff's far-fetched allegations against President Bush are the following: President Bush read a letter from a ten year-old girl from Rhode Island in the 2004 State of the Union Address and, thereby, somehow secretly

signaled his approval of a conspiracy against plaintiff, all because the ten year-old girl's mother allegedly has relatives that are close to Florida law enforcement officials.

## ARGUMENT

### I. LEGAL STANDARDS

Defendants move for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiffs fails to state a claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp. at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

II.     **THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS AGAINST PRESIDENT BUSH AND ATTORNEY GENERAL GONZALES IN THEIR OFFICIAL CAPACITY**

To the extent that plaintiff seeks damages against the individual defendants in their official capacities, plaintiff's claims must be dismissed because there has been no waiver of sovereign immunity for such claims.  Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity.  Lane v. Pena, 518 U.S. 187, 190-91 (1996); Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).  That plaintiff may have named federal employees as defendants in their official capacities does not operate to evade the immunity of the sovereign.  See Clark v. Library of Congress, 750 F.2d 89, 103-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity).

Because plaintiff alleges a conspiracy to deprive him of his Constitutional rights against President Bush and Attorney General Gonzales in their official capacities, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear the claims.

### III. PLAINTIFF FAILS TO STATE A CLAIM THAT CAN WITHSTAND ABSOLUTE AND QUALIFIED IMMUNITY

In plaintiff's amended complaint, he alleges that "Defendant George W. Bush, at all times material to allegations of the complaint, acting within the scope of his lawful authority as President of the United States, and he is sued in his individually and official capacities."  Am. Compl. ¶ 4.  Because this suit arises from actions President Bush allegedly took in his official capacity, he is shielded by absolute immunity with regard to any Constitutional or statutory claim plaintiff may be seeking to assert.  Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) ("Applying the principles of our cases to claims of this kind, we hold that petitioner, as a former President of the United States, is entitled to absolute immunity from damages liability predicated on his official acts. We consider this immunity a functionally mandated incident of the President's unique office, rooted in the constitutional tradition of the separation of powers and supported by our history.").

To the extent that plaintiff alleges a Biven claim against Attorney General Gonzales, he is protected by qualified immunity.[2]  Federal defendants sued in their individual capacity enjoy a qualified immunity from liability for Constitutional torts.  Cleavinger v. Saxner, 474 U.S. 193, 206 (1985); Procunier v. Navarette, 434 U.S. 555, 561 (1978).  Qualified immunity is appropriate unless the plaintiff can establish that defendants violated a "clearly established" constitutional right.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Anderson v. Creighton, 483 U.S. 635, 638-39 (1987).  Government officials are shielded from liability for

---

[2] Although plaintiff has not served former Attorney General John Ashcroft or Karl Rove personally and, therefore, they are not properly before this Court, the qualified immunity analysis applies equally to both of these individuals.

civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818; Wilson v. Layne, 523 U.S. 603, 609 (1999); Behrens v. Pelletier, 516 U.S. 299, 304 (1996).

Thus, the law is clear that "[f]or purposes of qualified immunity, it is not enough for a plaintiff to allege that a defendant's conduct violated a right that is clearly established in general terms." Harbury v. Deutch, 233 F.3d 596, 610 (D.C. Cir. 2000), rev'd on other grounds, 536 U.S. 403 (2002). Rather:

> the right the official is alleged to have violated must have been "clearly established" in a more particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that *in the light of pre-existing law the unlawfulness must be apparent*.

Id. (quoting Anderson v. Creighton, 483 U.S. at 640 (citations omitted) (emphasis supplied)). See also Saucier v. Katz, 533 U.S. 194, 206-07 (2001) ("The question is what the [federal employee] [] reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards."); Kalka v. Hawk, 215 F.3d 90 (D.C. Cir. 2000) (same).

Moreover, under Harlow this determination requires an objective, not subjective, analysis. Wilson, 523 U.S. at 609; Crawford-El v. Brittin, 523 U.S. 574, 590 (1998). The plaintiff bears the burden of showing a "prima facie case of defendant's knowledge of impropriety, actual or constructive." Krohn v. United States, 742 F.2d 24, 31 (1st Cir. 1984); Davis v. Scherer, 468 U.S. 183, 191 (1984).

As to the "clearly established" inquiry, the defendants need not demonstrate that "the law was established in [their] favor at the time [they] acted." Rather, "[i]t is only necessary for

6

[defendants] to show that the law was unsettled . . . not . . . that a Supreme Court opinion had specifically approved their actions." Zweibon v. Mitchell, 720 F.2d 162, 173-74 n. 19 (D.C. Cir. 1983), cert. denied, 469 U.S. 880 (1984), reh. denied, 469 U.S. 1068 (1984). "[0]nce the trial judge determines the law was not clearly established at the time the contested conduct occurred, the inquiry ceases." Id. at 168 (citing Harlow v. Fitzgerald, supra). Given Harlow's focus, it is irrelevant whether the Court concludes that a complaint states a claim upon which relief may be granted, or even that the plaintiff's rights were in fact violated. "The decisive fact is not that a defendant's position turned out to be incorrect, but that the question was open at the time he acted." Mitchell v. Forsyth, 472 U.S. 511, 535 (1985).

Plaintiff has failed to allege facts that would show that Attorney General Gonzales, or any of the other individually-named defendants, conspired to violate his Constitutional rights. In fact, plaintiff alleges no specific facts to support a claim of a conspiracy, other than his nonsensical allegation that certain defendants had "bad motive and personal animus towards plaintiff." Am. Compl. ¶ 9. Such "conclusory," "vague," or "general allegations" of a conspiracy to deprive a person of constitutional rights are not sufficient to state a claim. Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977) (holding that plaintiffs' unsupported allegations did not suffice to state a claim of governmental conspiracy to deprive plaintiffs of their constitutional rights, explaining that the complaint failed to show a nexus between an alleged pattern of harassment and acts of defendants). "Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id.; Cf. Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 106-08 (2d Cir. 1981) (where plaintiff sued Postal Service and its officials for interference with constitutional rights, court affirmed grant of summary

judgment, without discovery, to defendants where plaintiff merely "colored its complaint with conclusory allegations of a wide-ranging conspiracy to deprive it of its constitutional right to due process and free exercise of religion" and when required to furnish affidavits demonstrating existence of genuine issue of material fact, "plaintiff responded by presenting immaterial factual inconsistencies and by reiterating its conclusory allegations of conspiracy"). See also Masel v. Barrett, No. 87-2505 (LFO), 1988 WL 36149, *7 (D.D.C. April 8, 1988) ("Moreover, in constitutional tort litigation, unsupported allegations which fail to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense, will not suffice to sustain a claim.").

## IV.     PLAINTIFF HAS NOT SERVED ANY DEFENDANTS PERSONALLY

Plaintiff's claims against individual President Bush and Attorney General Gonzales, to the extent that he asserts individual claims against Attorney General Gonzales, must be dismissed because plaintiff has failed to personally serve process on these individuals.[3] Without proof of such service, this Court is deprived of jurisdiction over the President and Attorney General.

It is well established that, in an action against a federal employee in an individual capacity, the individually sued defendant must be served with process in accordance with rules applicable to individual defendants. See Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989). Rule 4

---

[3] Again, this argument also applies to the other individually-named defendants, none of whom have been served personally.

requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.[4]  Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity."  Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27.

Where, as here, a plaintiff seeks relief against a federal employee in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction.  Reuber, 750 F.2d at 1052.

The record in this case does not establish proper service upon President Bush, Attorney General Gonzales, or any of the other individual defendants, in their individual capacities.  Although plaintiff has filed a return of service affidavit, that affidavit indicates that he served his complaint by sending it to the United States Attorney for the District of Columbia and to the U.S. Attorney General.  Neither of these mailings are sufficient to serve any of the individual defendants in their individual capacity.

Although a Court faced with improper service will typically provide a plaintiff with the option to cure service, rather than dismiss the action outright, the Court should not provide

---

[4] Notably, plaintiff's amended complaint lists 1600 Pennsylvania Avenue as the address for all defendants.  Thus, even if he served the amended complaint on that address, he still would not be complying with the Rule.

plaintiff that option in this case, as doing so would be futile. E.g., Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997). As set forth previously, this Court lacks jurisdiction to hear plaintiff's claims against the defendants in their official capacities, plaintiff's amended complaint fails to state a claim, and even if it did, the defendants would be entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, plaintiff's claims against President George W. Bush and Attorney General Alberto Gonzales should be dismissed in their entirely. Moreover, to the extent this Court agrees that the foregoing arguments apply to the other individually-named defendants, this Court should also dismiss those claims.

December 19, 2005                    Respectfully submitted,

    /s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

    /s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

    /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

      I certify that on December 19, 2005, I served a copy of the foregoing by first-class mail, postage prepaid on:

Carl Jackson
112 West Stanley St.
Tampa, FL 33604

                                    ____/s/_____
                                    John F. Henault
                                    Assistant United States Attorney