# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL JACKSON, | ) | |
| | ) | |
| <u>Pro Se</u> Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1856 (RJL) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President, | ) | |
| United States of America, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>

Plaintiff's opposition serves only to confirm that his complaint, and the fantastic allegations of a conspiracy contained therein, must be dismissed in its entirety. In fact, far from actually refuting defendant's motion to dismiss, plaintiff offers a tale of woes regarding his allegations in another action against persons in Florida, all of which have nothing to do with his claims against President Bush,[1] Attorney General Alberto Gonzales, former Attorney General John Ashcroft, Deputy White House Chief of Staff Karl Rove and former Chief of Staff to the Vice President I. Lewis Libby.[2]

---

[1] Although on January 17, 2006 plaintiff filed a motion to dismiss President Bush as a party to this action, captioned as a "Motion for Non-Joiner of Parties Pursuant to Rule 21," plaintiff has subsequently informed undersigned counsel that he will seek to withdraw this motion and keep the President as a party to this action.

[2] This reply, as with defendants' motion to dismiss, is filed on behalf of the President and the Attorney General in their official capacities only. Although none of the individual defendants have been served, however, the arguments set forth herein apply in equal force to the named individual defendants. Thus, this Court should dismiss plaintiff's complaint in its entirety, including the claims against the individual defendants.

## ARGUMENT

Defendants' motion to dismiss asserts, and explains why, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, failure to state a claim, and lack of service of process. In response, plaintiff sets for the following for the relevant individuals:

President George W. Bush:

President Bush mentioned a ten year-old girl in his State of the Union, a girl who is alleged to have a "close nexus relationship" with someone involved in the Florida conspiracy against plaintiff, see Opp. at 6;

President Bush has a brother who is the Governor of Florida, which means that the President "used his position to contribute to the stifling of plaintiff's clearly established right to speak out in dissent against his brother, see Opp. at 8; and

President Bush appointed John Ashcroft as the Attorney General, see Opp. at 8.

Attorney General Alberto Gonzales:

Although plaintiff's amended complaint purports to state a claim against the Attorney General in his official capacity, plaintiff makes no mention in his opposition of Attorney General Alberto Gonzales.

Former Attorney General John Ashcroft:

Although plaintiff purports to state a claim against former Attorney General Ashcroft in his individual capacity, his sole allegation against the former Attorney General is that John Ashcroft was a former Attorney General of the United States and a past member of the President's Cabinet. See Opp. at 8.

2

<u>Deputy White House Chief of Staff Karl Rove</u>:

Plaintiff's sole allegation against Deputy White House Chief of Staff Karl Rove is that Mr. Rove was involved in a "data mining" operation, which discovered information regarding a check plaintiff wrote to a trucking company in 1982.  <u>See</u> Opp. at 6.

<u>Former Chief of Staff to the Vice President I. Lewis Libby</u>:

Plaintiff's sole allegation against former Chief of Staff to the Vice President I. Lewis Libby is that Mr. Libby was involved in a "data mining" operation, which discovered information regarding a check plaintiff wrote to a trucking company in 1982.  <u>See</u> Opp. at 6.

In addition to the foregoing factual allegations, plaintiff offers boilerplate legal language with ***no*** explanation of the relevance of his boilerplate language to this case.  The reason for this lack of explanation is simple – as set forth below, plaintiff's complaint is fundamentally flawed, both legally and actually, and must be dismissed.

## I.     THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS AGAINST PRESIDENT BUSH AND ATTORNEY GENERAL GONZALES IN THEIR OFFICIAL CAPACITY

In his amended complaint, plaintiff seeks damages against the President and the Attorney General in their official capacities.  As set forth in defendants' motion, sovereign immunity bars a damages claim against federal officials in their official capacity.  <u>See</u> <u>Clark v. Library of Congress</u>, 750 F.2d 89, 103-104 (D.C. Cir. 1984).  Plaintiff's opposition neither challenges nor addresses defendants' argument.  "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."  <u>Hopkins v. Women's Div., General Bd. of Global Ministries</u>, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing

FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop.,

Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at * 12 (D.D.C. Oct. 21,

2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).  Because plaintiff does

not address the argument that the Court lacks jurisdiction to hear his claims against the President

and Attorney General in their official capacity, the Court should dismiss such claims.  Thus,

because plaintiff alleges a conspiracy to deprive him of his Constitutional rights against

President Bush and Attorney General Gonzales in their official capacities, and the United States

has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear the

claims.

## II.    PLAINTIFF FAILS TO STATE A CLAIM THAT CAN WITHSTAND ABSOLUTE AND QUALIFIED IMMUNITY

### A.    President George W. Bush Is Protected By Absolute Immunity

As explained in defendants' motion to dismiss, President Bush is shielded by absolute

immunity with regard to any Constitutional or statutory claim plaintiff may be seeking to assert

against him in his individual capacity.  Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982)

("Applying the principles of our cases to claims of this kind, we hold that petitioner, as a former

President of the United States, is entitled to absolute immunity from damages liability predicated

on his official acts.  We consider this immunity a functionally mandated incident of the

President's unique office, rooted in the constitutional tradition of the separation of powers and

supported by our history.").  Moreover, plaintiff's opposition fails to even address the absolute

immunity argument.  Thus, plaintiff is deemed to have conceded this argument and the President

is entitled to a dismissal of all of plaintiff's claims against him.

Moreover, there is no basis in fact or law for plaintiff's individual-capacity claims against the President. Plaintiff's only allegations against the President are that he (1) mentioned a ten year-old girl from Rhode Island in his 2004 State of the Union speech, (2) is the brother of the Governor of Florida, and (3) appointed former Attorney General John Ashcroft as the Attorney General. Simply, these allegations do not state a claim for which relief can be granted.

### B.    Attorney General Alberto Gonzales, As Well As The Other Individually-Named Defendants Are Protected By Qualified Immunity

Federal defendants sued in their individual capacity enjoy a qualified immunity from liability for Constitutional torts. Cleavinger v. Saxner, 474 U.S. 193, 206 (1985); Procunier v. Navarette, 434 U.S. 555, 561 (1978). Qualified immunity is appropriate unless the plaintiff can establish that defendants violated a "clearly established" constitutional right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). Thus, to state a claim that will survive qualified immunity, a plaintiff must allege *facts* establishing that the defendant's conduct violates clearly established constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818; Wilson v. Layne, 523 U.S. 603, 609 (1999); Behrens v. Pelletier, 516 U.S. 299, 304 (1996).

As with his claims against the President, plaintiff has failed to allege facts showing that Attorney General Gonzales, or any of the other individually-named defendants, conspired to violate his Constitutional rights. As to the Attorney General, plaintiff alleges no facts to support his claim, nor does his opposition even mention any actions taken by the Attorney General.[3] In

---

[3] As set forth above, plaintiff's only mention of any actions taken by any Attorney General, current or former, is his mention that former Attorney General Ashcroft has a "bad motive and personal animus held towards plaintiff." Am. Compl. ¶ 9. Although his opposition does mention John Ashcroft, that mention only states that John Ashcroft was the Attorney

fact, plaintiff alleges **no specific facts** to support a claim of a conspiracy, other than his nonsensical allegation that certain defendants had "bad motive and personal animus towards plaintiff,"  Am. Compl. ¶ 9, and that the other defendants were somehow involved in a "data mining" program, see Opp. at 6.

Plaintiff's "conclusory," "vague," and "general allegations" of a conspiracy to deprive a person of constitutional rights are **not** sufficient to state a claim, let alone a claim that the individually named defendants violated clearly established constitutional rights of which a reasonable person would have known.  Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (holding that plaintiffs' unsupported allegations did not suffice to state a claim of governmental conspiracy to deprive plaintiffs of their constitutional rights, explaining that the complaint failed to show a nexus between an alleged pattern of harassment and acts of defendants).  "Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id.; Cf. Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 106-08 (2d Cir. 1981) (where plaintiff sued Postal Service and its officials for interference with constitutional rights, court affirmed grant of summary judgment, without discovery, to defendants where plaintiff merely "colored its complaint with conclusory allegations of a wide-ranging conspiracy to deprive it of its constitutional right to due process and free exercise of religion" and when required to furnish affidavits demonstrating existence of genuine issue of material fact, "plaintiff responded by presenting immaterial factual inconsistencies and by reiterating its conclusory allegations of conspiracy").  See also Masel v. Barrett, No. 87-2505 (LFO), 1988 WL 36149, *7 (D.D.C. April 8, 1988) ("Moreover, in constitutional tort litigation, unsupported allegations

General, it alleges no actions taken by former Attorney General Ashcroft.

which fail to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense, will not suffice to sustain a claim.").

Because plaintiff's complaint fails to allege facts establishing that Attorney General Alberto Gonzales, or former Attorney General John Ashcroft, Deputy White House Chief of Staff Karl Rove and former Chief of Staff to the Vice President I. Lewis Libby, violated a clearly established constitutional right, his claims should be dismissed in their entirety.

## III.    PLAINTIFF HAS NOT SERVED ANY OF THE INDIVIDUALLY-NAMED DEFENDANTS

As explained in detail in defendants' motion to dismiss, plaintiff has failed to serve any of the defendants named in their individual capacity.  Although on January 12, 2006, plaintiff filed a motion for an extension of time to serve the individually-named defendants, his motion is futile, as his amended complaint cannot withstand a motion to dismiss.  Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997) ("Yet delaying the inevitable would not have been in keeping with the Supreme Court's instruction to the lower federal courts 'to weed out' insubstantial Bivens suits 'expeditiously.'").  Thus, this Court should deny plaintiff's motion and dismiss all claims against the individually-named defendants.

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendants' motion to dismiss, plaintiff's claims should be dismissed in their entirety.

January 24, 2006                                Respectfully submitted,

                                                _____/s/_____
                                                KENNETH L. WAINSTEIN, D.C. Bar #451058
                                                United States Attorney


                                                _____/s/_____
                                                R. CRAIG LAWRENCE, D.C. Bar #171538
                                                Assistant United States Attorney


                                                _____/s/_____
                                                JOHN F. HENAULT, D.C. Bar # 472590
                                                Assistant United States Attorney
                                                555 4th Street, NW
                                                Washington, DC 20530
                                                (202) 307-1249
                                                (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on January 24, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

Carl Jackson
112 West Stanley St.
Tampa, FL 33604

_____/s/_____
John F. Henault
Assistant United States Attorney