UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL JACKSON

        Plaintiff,

V.

GEORGE W. BUSH, Et, Al.,

        Defendants.

CIVIL ACTION NO. 05-1856(RJL)

### PLAINTIFF'S MOTIOION FOR SUBSTITUTION OF PARTIES PURSUANT TO RULE 25(d) FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, the Plaintiff Carl Jackson and moves that this court grant plaintiff leave to substitute parties pursuant to Rule 25(d) Federal Civil Procedure and substitute current United States Attorney General Alberto Gonzalez as current defendant in substitution of John Ashcroft former United States Attorney General.

In support thereof plaintiff would state:

1. See attached case law.

**WHEREFORE** all the reasons so states above plaintiff request that this court enter its order of substitution of parties

Respectfully submitted,

By: _____
CARL JACKSON
112 West Stanley Street
Tampa, FL 33604/or
P.O. Box 2894
Tampa, Florida 33601
813-380-8757 / 813-232-1508

RECEIVED
JAN 31 2006 REC'D

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and complete copy of the above document has been furnished on this the day of 31rst day of January , 2006 to: John F. Henault, Assistant United States Attorney 555 4th Street, NW Washington, D.C. 20530.

CARL JACKSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL JACKSON,

    Plaintiff,

V.                                                                      CASE NO. 05-1856(RJL)

GEORGE W. BUSH,
    Defendant,

President,
United States of America, et al.,

## ORDER

**UPON CONSIDERATION** of Plaintiffs' Motion to Substitute Parties pursuant to Rule 25(d) (1) Federal Rules of Civil Procedure and it appearing that good cause exists for the requested substitution of parties, it is this 31rst day of January 2006,

**ORDERED** that Plaintiffs' Motion to Substitute Parties is hereby **GRANTED**,

                                                            Richard J. Leon
                                                            United States District Judge

Copies to:

Carl Jackson
Pro Se Plaintiff

John F. Henault,
Assistant United States Attorney

25–69                    SUBSTITUTION OF PARTIES                § 25.40[4][a]

### [4]—Substitution Under Rule 25(d) Applies Only to Official Capacity Actions

#### [a]—Distinguishing Between Official and Individual Capacity Claims

In many cases plaintiffs fail to specify whether the action is brought against officials in their individual (personal) capacity, in their official capacity, or both. In *Kentucky v. Graham*, the Supreme Court clarified the differences between individual and official capacity actions and explained their relationship to substitution:

> An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself . . . . Should the official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate. In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office.[38]

Courts look to the course of the proceedings to determine which type of action plaintiff intended to bring.[39]

---

[38] Kentucky v. Graham, 473 U.S. 159, 166 & n.11, 105 S. Ct. 309, 3105 & n.11, 87 L. Ed.2d 114 (1985) (citations omitted, emphasis in original); *see also* Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991) (real party in interest in official capacity suit is governmental agency); Hadi v. Horn, 830 F.2d 779, 783 (7th Cir. 1987) (court looked at language of complaint); Harrington v. Grayson, 764 F. Supp. 464, 475-478 (E.D. Mich. 1991) (discusses means of distinguishing official capacity suits from individual capacity suits).

[39] **Intent of plaintiff.** *See* Hafer v. Melo, 502 U.S. 21, 24, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301, 308 (1991) (in footnote, Court discusses pleading requirements among the Circuits); Brandon v. Holt, 469 U.S. 464, 469-470, 105 S. Ct. 873, 877, 83 L. Ed. 2d 878 (1985) (course of proceedings determines whether action is brought against defendants in their official or individual capacities).

| | |
|---|---|
| *1st Circuit* | *But see* Wool v. Hogan, 505 F. Supp. 928, 929 n.1 (D. Vt. 1981) (court assumes that plaintiff sued defendants in their official capacities and orders substitution, even though plaintiff sought compensatory and punitive damages). |
| *8th Circuit* | Lyon v. Grossheim, 803 F. Supp. 1538, 1557 (S.D. Iowa 1992) (court substitutes successor for defendant official who died in office and determines that there was no individual capacity claim asserted, since the complaint did not specify whether defendant was sued in official or individual capacity and pleadings referred to officer's job title). |

§ 25.40[4][a]        MOORE'S FEDERAL PRACTICE 3D        25-70

In one case in which the trial judge found it unclear whether the action had been commenced against the defendant in his individual capacity, official capacity, or both, the court ordered plaintiffs to amended their complaint to specify the capacity in which the official had been sued, and stated that if the defendant were named in his official capacity, the successor in office would be automatically substituted.[40] Similarly, another court allowed substitution of a defendant named in an official capacity claim only and found no basis to bind the official in the official's individual capacity. The court stated, however, that plaintiffs' counsel should notify the court if plaintiffs contend that the defendant should remain a party.[41]

In *Brandon v. Holt,* the Supreme Court reaffirmed that an official capacity action represents another way of pleading an action against an entity of which the officer is an agent.[42] A judgment against a public officer in the officer's official capacity imposes liability on the entity that the officer represents.[43] Plaintiffs in *Brandon* brought an action under 42 U.S.C. § 1983 against the Director of Police, charging that the Director should have known of the dangerous propensities of the police officer who attacked them because of the officer's history of violent behavior. Throughout the course of the district and appellate court proceedings, plaintiffs emphasized that the action was against the Director in his official capacity only. In fact, while the appeal was pending, the successor to the Director was substituted automatically pursuant to Fed. R. App. P. 43(c)(1).

The Court permitted plaintiffs to amend their complaint to conform to the pleadings[44] to allow a claim of damages against the Director of Police. The Court reaffirmed that such an amendment may be made at any time[45] and that plaintiffs were actually claiming a right to recover damages from the city.

---

[40] **Specifying capacity in which official is sued.** Trejo v. Wattles, 636 F. Supp. 992, 994-995 (D. Colo. 1985) (wrongful death action).

[41] **Notification needed.** Hendrickson v. Griggs, 672 F. Supp. 1126, 1141 n.25 (N.D. Iowa 1987), *dismissed on other grounds,* 856 F.2d 1041 (8th Cir. 1988) (class action).

[42] **Officer is agent.** Brandon v. Holt, 469 U.S. 464, 472 n.21, 105 S. Ct. 873, 878 n.21, 83 L. Ed. 2d 878, 885 n.211 (1985) (citing *Monell v. New York Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55, 56 L. Ed. 2d 611, 635 n. 55 (1978)).

[43] **Liability on entity.** Brandon v. Holt, 469 U.S. 464, 471, 108 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985) (liability on entity as long as there was actual notice and opportunity to respond).

[44] *See* Fed. R. Civ. P. 15(b).

[45] Brandon v. Holt, 469 U.S. 464, 471 n.19, 108 S. Ct. 873, 877 n.19, 83 L. Ed. 2d 878, 885 n. 19 (1985) (citing **Moore's**).