UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CARL JACKSON**

Pro Se Plaintiff,

v.                                                   No. 05-1856 (RJL)

**GEORGE W. BUSH**

President, United States of America, et al.
Defendants,

## *PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RE: DEFENDANT ATTORNEY GENERAL ALBERTO GONZALEZ*

### *Procedure History*

On January 31, 2006 plaintiff moved to substitute current United States Attorney General Alberto Gonzalez for Former Attorney General John Ashcroft in this action. On February 14, 2006 counsel for defendants filed in response motion to dismiss all claims against the current Attorney General citing inta alia that plaintiff only sued the Attorney General in his official capacity creating a failure to state a claim against the defendant Attorney General which could withstand qualified immunity.

### *Statement of Plaintiffs Claim:*

That beginning on or about February 15, 2002 and continuing thereafter defendant's in the instant case in retaliation against plaintiff for his offer to members of the Votolato Lincoln Rhode Island family on Pinellas County probate estate property

## *EXHIBIT LISTING*

**Exhibit 1** Legal Notice observed by plaintiff prior to mailing out his offer to purchase.

**Exhibit 2** Map of Dentist Ernest Votolato office shared with by his relative Peter Knight.

**Exhibit 3** Internet website page indicating that the Commander of FHP Troop C is Thomas M. Knight a relative to the Votolato family via the marriage of Rhode Island dentist Peter Knight to Eli Votolato.

**Exhibit 4** Internet web page of Rhode Island Attorney of Law Peter D Amico whose own office is in close proximity to that of Rhode Island dentist Peter Knight and as a bankrupcy attorney would have a working association with another member of the Votolato family U.S.Judge Arthur N. Votolato bankrupcy judge for the District of Rhode Island (no wrongdoing is alleged on the part of Judge Votolato at this time ).

**Exhibit 5** Internet Web page indicating Thomas J. DAmico as a partner in the Law Firm of Dickstein Shapiro Morin & Oshinsky.

**Exhibit 6** Internet ABC News Bio verifying that I Lewis Libby was associated with Dickstein Shapiro Morin & Oshinsky the same law office as Thomas J. D Amico.

**Exhibit 7** Internet webpage verifying that I. Lewis Libby was born in the New Haven Connecticut area.

**Exhibit 8** Internet web page listing verifying Trumbell CT address as that of Thomas D. Donegan .

**Exhibit 9** State of Florida Marriage Record verifying marriage of Thomas D. Donegan to Linda S. Pizzurro.

**Exhibit 10** Florida Highway Patrol Crash report indicating Joan Pizzurro as the driver of

(i)

of car involved in June 12, 2003 deliberate retaliatory crash...

**Exhibit 11** photo of damaged done as result of unreasonable seizure of plaintiffs automobile aided and assisted and encouraged by defendants in this instant case and by vigilante members of the Florida Highway Patrol in derogation of plaintiffs Fourth Amendment right to be secure in his property.

**Exhibit 12** State of Florida Marraige Record indicating marriage between the attending Physician of plaintiffs loved one and to Janet Pereira whose it is alleged that both her and her husband have a grudge against plaintiff for economic loss of real estate commission income and for the death of Robert Pereria in 1996.

**Exhibit 13** Pasco County land document indicating ownership of land situated in Pasco County Florida with Robert Pereira as possible heir as well as Natalie Cooper n/k/a Natalie Pearson of Lincoln Rhode Island.

**Exhibit 14** News clipping of president George W.Bush State of the Union address where the President make reference to 10 year old Lincoln Rhode Island girl whose mother was formerly Natalie Cooper and has a estranged relationship to the plaintiff that stems from a 1980 incident involving the plaintiff when he was at that time a resident of Rhode Island.

**Exhibit 15** Florida Highway Patrol Crash indicating Louis A Porcaro as a witness plaintiff alleges that as a result of his earlier years spent in Rhode Island that he has knowledge of Porcaro' relationship to the Votolato family of Rhode Island and to Florida Highway Patrol Commander Thomas M. Knight connection to the Votolato family via the marriage of dentist Peter Knight to Porcaro's relative Eli Votolato and plaintiff would

allege it was no coincidence that Louis A. Porcaro was at the June 12, 2003 crash site in Tampa, FL. and that said did instant case defendants did conspire with vigilante co-defendant's of Florida to retaliate against plaintiff for making of offer to purchase the estate property by conspiring to cause the June 12, 2003 crash into plaintiffs automobile causing plaintiff to suffer loss of income humiliation and mental anguish and that in further retaliation based upon their misplaced held belief that plaintiff was somehow wildly responsible for tht1996 death of Robert Pereira who had a close nexus relationship to the wife of plaintiffs attending physician and to Natalie Cooper n/k/a Natalie Pearson of Lincoln Rhode Island whose 10 year old daughter purportedly wrote the letter that President Bush referred to in his January 21, 2003 State of the Union Address.

That on or about June 12, 2003 in an act of retaliation against plaintiff for the September 24, 2002 exercisement of his First Amendment right to petition government for redress based upon plaintiffs 2002 (ten years later) discovery that a key witness in his 1992 Florida conviction had been prevented from testifying at his March 9, 1992 trial by certain law enforcement members of the witness family who secreted him out of reach of the court on a charge they later dropped for fears that his testimony would implicate his role in supplying drugs to the alleged victim who was a neighbor to him and customer at the bar that said witness worked at as a bouncer and who attacked plaintiff on a downtown Tampa street on the night of October 19, 1991 that on June 12, 2003 in an act of retaliation against plaintiff in order to interrupt and intimidate plaintiff's pursuit of his claimed violation of Six Amendment right to have compulsory assistance of process to

obtain witnesses defendants in the instant case in conspiracy with Florida co-defendants acted in a vigilante's manner by conspiracy to smash into plaintiff's automobile on June 12, 2003 as it was driven by plaintiffs loved -one who substained such bodily injuries in the crash they are alleged to have contributed to her death on July 8, 2003 and (implicating plaintiff Fourth Amendment right to be secure in his property from unreasonable seizures (property interest right).

### *MEMORANDUM OF LAW IS SUPPORT OF PLAINTIFFS MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS*

#### *Questions Presented:*

Is the scope of Quality Immunity available to senior aides and advisors of the President of the United States in suit for damages based upon their official acts estoppeled upon elevation to cabinet level posisiton?

#### *The Fourth Amendment provides that:*

"**The right of the people to be secure in their persons, house, papers, and effects, against unreasonable search and seizures shall not be violated....**"

In ***Bivens v. Six Unknown Fed. Narcotic Agents***, 403 U.S. 388 (1971) 388, 389 in discussion of ***Bell v. Hood***, 327 U.S. 678 (1946) the court held that a violation of the Fourth Amendment command by a federal agent acting under color of his authority gives rises to a cause of action for damages consequent upon his unconstitutional that damages may be obtained for injuries upon a violation of the fourth Amendment by federal

1.

officials should hardly seem a surprising proposition see *Nixon v. Condon* 286, U.S. 73. In *Butz v. Economou* 438 U.S. 478 (1978) discussion of Qualified Immunity the *Butz* court rejected "the single submission by the United States on behalf of petitioners is that all of the federal officials sued in that case as absolutely immune from any liability for damages even in the course of enforcing the relevant statutes they infringed upon respondents 'constitutional rights and even if the violation was knowingly and deliberate. In *Harlow v. Fitzgerald, 457 U.S. 800 (1982)* the Surpreme Court held that the *Butz* holding does not dictate that senior Presidential aides be given only qualified immunity that *Butz* held that a Cabinet Officer exercising discretion was not entitled to absolute immunity.

**WHEREFORE** all the above stated reasons plaintiff request that this court deny defendant's motion to dismiss based upon claim of Qualified Immunity to defendant.

Respectfully submitted,

*[signature: Carl Jackson]*

CARL JACKSON
112 West Stanley Street
Tampa, FL 33604/
P. O Box 2894
Tampa, FL 33601
813-232-1508/
813-380-8757

2.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2006, I furnished a true and correct copy of the foregoing via U. S. Mail to John F. Henault, Assistant United States Attorney 555 4th Street, NW Washington, DC 20530.

_____
CARL JACKSON

3.